UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:08-cr-280 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 40] |
| vs. | : | |
| JON ALLAN GEISER, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jon Allan Geiser moves for compassionate release under 18 U.S.C. § 3582(c).[1] Citing his pre-existing medical conditions and the conditions at his prison facility that make it likely he will contract COVID-19, Geiser now asks the Court to reduce his sentence to time served.[2] The Government opposes.[3] Geiser replies.[4] For the reasons stated below, the Court **GRANTS** Geiser's motion.

I. Background

Defendant Geiser pled guilty in 2008 to Using a Computer to Receive and Distribute Child Pornography,[5] Receipt and Distribution of Child Pornography,[6] and Possession of a Computer Containing Child Pornography.[7] The Court sentenced Geiser to concurrent 180- and 120-month prison terms and five years of supervised release.[8]

---

[1] Doc. 40.
[2] *Id.*
[3] Doc. 41.
[4] Doc. 43.
[5] In violation of 18 U.S.C. § 2252(a)(2).
[6] In violation of 18 U.S.C. § 2252A(a)(2)(A).
[7] In violation of 18 U.S.C. § 2252A(a)(5)(B).
[8] Doc. 34 at 2–3.

Case No. 1:08-cr-280
Gwin, J.

Geiser has been in custody from May 28, 2008. He has a March 8, 2021 projected release date.

First housed at FCI Allenwood, Geiser suffered a skull fracture and developed chronic headaches and balance problems after an inmate attack.[9] Geiser was moved to FCI Elkton.[10]

In March 2020, Geiser contracted COVID-19 and was hospitalized for six days with pneumonia, shortness of breath, and aggravated headaches.[11] He eventually recovered.

## II. Discussion

Geiser moves for compassionate release.[12] Now 61 years old, Geiser argues that his age, obesity, Chronic Obstructive Pulmonary Disease ("COPD"), emphysema, and heart disease increase his risk of severe COVID-19 complications.[13] He claims that the high incidence of COVID-19 at FCI Elkton and frequent shifts in the facility's inmate population make it likely he will again contract the virus.[14]

### A. Exhaustion

The Court may modify a sentence upon the defendant's motion made 30 days after the defendant requests compassionate release from his facility's warden.[15] On July 23, 2020, Geiser first requested compassionate release from the FCI Elkton warden.[16] On September 14, 2020, Counsel filed a supplemental compassionate release motion on Geiser's behalf.[17] Because more than 30 days passed between Geiser's compassionate-release request and

---

[9] Doc. 40-3 at 49.
[10] Doc. 35.
[11] *Id.*; Doc. 40-3 at 180.
[12] Doc. 40.
[13] *Id.*
[14] *Id.*
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] Doc. 43-2.
[17] Doc. 40.

Case No. 1:08-cr-280
Gwin, J.

Geiser's supplemental motion to this Court, Geiser satisfies the exhaustion requirement.[18]

### B. Eligibility

To grant a compassionate release sentence reduction, the Court must find that "extraordinary and compelling reasons warrant such a reduction."[19] The Court must also consider the 18 U.S.C. § 3553 sentencing factors.[20]

Geiser's circumstances show "extraordinary and compelling" reasons that warrant compassionate release. Geiser has a history of obesity, COPD, emphysema, and heart disease.[21] These conditions make him more vulnerable to COVID-19 and other diseases.[22]

Though Geiser has already contracted and recovered from COVID-19, the conditions in his facility make it likely that he will contract the virus again.[23] Nearly 1000 FCI Elkton inmates and staff have contracted COVID-19, and nine inmates have died of the virus.[24] Two FCI Elkton inmates are currently COVID-19-positive, and the frequent large-scale movements of inmates around the facility create ideal conditions for the disease's spread.[25] Geiser is at high risk of severe illness if he remains incarcerated.

Independently, flu season quickly approaches. The flu also increases risk for the compromised.

---

[18] *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).
[19] 18 U.S.C. § 3582(c)(1)(A)(i).
[20] *Id.*
[21] Doc. 40-3 at 60.
[22] *People with Certain Medical Conditions*, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[23] Doc. 40-2.
[24] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020).
[25] Doc. 40.

Case No. 1:08-cr-280
Gwin, J.

Granting compassionate release also accords with the 18 U.S.C. § 3553 sentencing factors. Geiser has served all but 5 months of his 15-year sentence. Though Geiser has an earlier New York child pornography conviction, he has maintained good conduct and undertaken substantial educational rehabilitation efforts while incarcerated.[26] As a veteran, Geiser plans to seek housing at the Domiciliary Housing Unit at the Veterans Medical Center in Cleveland. And Geiser will remain on supervised release, as imposed by his original sentence.

The 149-month prison term Geiser has already served and the 5 years of supervised release he will serve after his release sufficiently reflect the seriousness of his offense, provide just punishment for it, and promote respect of the law.[27]

### III.  Conclusion

For these reasons, the Court **GRANTS** Geiser's compassionate release motion. The Court orders Geiser to serve the balance of his sentence on home detention under the same conditions as his supervised release. The Court gives work release. Geiser's term of supervised release remains at 5 years, subject to the terms of the original judgment.

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Geiser is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: October 9, 2020         s/        James S. Gwin
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[26] Doc. 40-6; Doc. 40-7.
[27] 18 U.S.C. § 3553.